# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0046V
Filed: July 16, 2018
UNPUBLISHED

| | |
|---|---|
| LEANNE LEWIS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Amber Diane Wilson*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 11, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her October 30, 2015 influenza ("flu") vaccination. *See* Petition. On March 7, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 33).

On June 28, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 39). Petitioner requests attorneys' fees in the amount of $17,939.50 and attorneys' costs in the amount of $1,015.14. *Id.* at 1-2. In compliance with General

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $18,954.64.

On July 2, 2018, respondent filed a response to petitioner's motion. (ECF No. 40). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, with the following exception.

Upon review of the records, a number of entries billed by the attorney and paralegals are for tasks better characterized as clerical or administrative. It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 2.3 hours[3] was billed by the attorney and paralegals on administrative tasks including, opening files, organizing documents, and mailing correspondence. For these reasons the request for attorney's fees is **reduced in the amount of $321.60**.[4]

The undersigned notes that there is a duplicated billing entry dated March 7, 2018. (ECF No. 39-1 at 18). This entry is for 0.10 hours and is listed as "Coordinate draft of jt notice not to seek review." The undersigned **reduces the request for attorney's fees by $30.80**, the amount of the duplicated entry.

---

[3] Examples of these entries include: December 21, 2015 (1.0 hrs) "Open case file and set up same in preparation of receiving retainer packet"; January 7, 2016 (0.20 hrs) "Receive and organize retainer packet to client file."; January 23, 2017 (0.10 hrs) "Add read receipt from DOJ to client file re: MOE." and April 16, 2018 (0.10 hrs) "Review and send entitlement check, cover letter and copy of judgment to client. Update file." These entries are merely examples and are not exhaustive.

[4] This amount consists of: 1.4 hours at $105 per hour; 0.4 hours at $145 per hour; 0.20 hours at $148 per hour and 0.3 hours at $290 per hour.

The full amount of costs sought, $1,015.14 is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,602.24[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Amber Diane Wilson. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.